**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**-------------------------------------------------------X**

**JOHN CONTINO,**
                    **Petitioner,**

        **- against -**

**UNITED STATES OF AMERICA,**

             **Respondent.**

**-------------------------------------------------------X**


**MEMORANDUM OF LAW**
**IN SUPPORT OF PETITION**
**FOR WRIT OF HABEAS CORPUS**
**PURSUANT TO 28 U.S.C. § 2255**


**INTRODUCTION**

This memorandum is respectfully submitted in support of petitioner John Contino's

application for relief pursuant to 28 U.S.C. § 2255, on the ground that his sentence was

imposed in violation of the Constitution and laws of the United States. The pertinent facts

are set forth in the accompanying affidavit of Mr. Contino, the affidavit of Mrs. Contino, the

affirmation of his former counsel, and the attached exhibits.

**ARGUMENT**

**POINT ONE**

**BECAUSE IT WAS THE PRODUCT OF ERRONEOUS AND MISLEADING ADVICE OF COUNSEL THAT FELL BELOW THE CONSTITUTIONAL STANDARD OF EFFECTIVE ASSISTANCE, CONTINO'S GUILTY PLEA WAS NOT INTELLIGENT AND VOLUNTARY AND HIS CONVICTION AND SENTENCE SHOULD BE VACATED**

Given just one day from the time he was presented with the government's proposed written plea agreement to make the single most important decision concerning his case, John Contino relied on the advice of his attorney, Vincent Martinelli, Esq. ("Counsel"), who strongly recommended that he accept the government's proposal and plead guilty to a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO")[18 U.S.C. § 1961]. As established by the affidavits, affirmation, and exhibits submitted in support of this motion, that advice was deficient or erroneous in a number of respects: Counsel failed to explain the elements of the RICO offense to which Contino was to plead guilty, or of the underlying racketeering acts. He had not done any investigation of the facts and thus was unable to provide his client any assessment of the accuracy of the Guidelines range specified in the government's plea offer. Additionally, he misled Contino with regard to the likelihood that, notwithstanding the terms of the plea agreement, he might receive a sentence below the stipulated Guidelines level. Because his attorney's representation fell below the standard of professional competence, and caused Contino to enter a plea that he would not have entered

if he had received advice that comported with the Constitutional standard of effective

assistance, the judgment against him should be set aside.

A.    **Contino Was Deprived of the Constitutional Right to the Effective Assistance of Counsel**

Because Contino asserts that his ability to enter a voluntary and intelligent plea was

compromised by the ineffectiveness of the representation he received, the Court must

scrutinize his claim under the two-pronged standard of *Strickland v Washington*, 466 U.S.

668 (1984), as applied to guilty pleas by *Hill v. Lockhart,* 474 U.S. 52, 57 (1985). The first

prong requires a showing that "counsel's representation fell below an objective standard of

reasonableness," *Strickland*, 466 U.S. at 688; under the second prong, it must be shown that

"there is a reasonable probability that, but for counsel's unprofessional errors, the result of

the proceeding would have been different." *Id* at 694.

In the Second Circuit, it has long been recognized that "defense counsel in a criminal

case must advise his client of the merits of the government's case, of what plea counsel

recommends, and of the likely results of a trial." *Roccisano v. Menifee*, 293 F.3d 51, 60 (2d

Cir. 2002). The attorney's advice should inform the defendant of the strengths and

weaknesses of the case against him, and of the alternative sentences he is likely to face.

*United States v. Gordon*, 156 F.3d 376, 380 (2d Cir.1998). In *Boria v. Keane*, 99 F.3d 492

(2d Cir. 1996), *clarified with respect to another issue and reaff'd on reh'g*, 90 F.3d 36 (2d

Cir.1996)[1], *cert. denied*, 521 U.S. 1118 (1997), the Court observed that:

> The decision whether to plead guilty or contest a criminal charge
> is ordinarily the most important single decision in any criminal
> case. This decision must ultimately be left to the client's wishes.
> Counsel cannot plead a client guilty, or not guilty, against the
> client's will. [citation omitted] But counsel may and *must* give
> the client *the benefit of counsel's professional advice on this
> crucial decision*. § 201 at 339 (the word "must" was emphasized
> by the author; otherwise, the emphasis is ours).

99 F.3d at 496-97, quoting Anthony G. Amsterdam, in Trial Manual 5 for the Defense of

Criminal Cases (1988).  Noting that *Strickland* had pointed to "prevailing norms of practice

as reflected in American Bar Association standards" as guides "to determining what is

reasonable," 466 U.S. at 688, the Court cited the ABA's Model Code of Professional

Responsibility, Ethical Consideration 7-7 (1992):

> A defense lawyer in a criminal case has the duty to advise his
> client fully on *whether a particular plea to a charge appears to
> be desirable*. (emphasis added [in *Boria* opinion])

99 F.3d at 496. When an attorney's advice fails to reflect "the skills and diligence that a

reasonably competent attorney would provide under similar circumstances," the

ineffectiveness prong of *Strickland* is established. 99 F.2d at 496.

---

[1]The *Boria* opinion was initially filed on May 3, 1996, corrected on May 21 and July 11, 1996, and refiled and reissued on October 25, 1996. The opinion containing a clarification with respect to the non-retroactivity of the AEDPA was filed on July 17, 1996, resulting in publication of the clarification in a volume of the Federal Reporter that precedes the volume containing the October 25th corrected version of the main opinion.

### 1. It Was Professionally Unreasonable for Counsel to Fail to Explain the Elements of the Offense to Contino and to Advise Him to Plead Guilty to a Crime that the Facts Admitted by Contino Do Not Establish

As Counsel has acknowledged, he failed to explain to his client the elements of the offense to which the plea agreement required Contino to plead guilty. *See* Affirmation of Vincent Martinelli, Esq., ¶ 14. That failure had a particularly severe consequence in the present case, because, in reliance on Counsel's advice, Contino entered a plea to a RICO offense even though the facts to which Contino was prepared to allocute – and to which he ultimately did allocute – did not establish that he was guilty of the charged crime.

To be guilty under the RICO statute, a person must conduct or participate in the affairs of a racketeering enterprise through a "pattern of racketeering activity." 18 U.S.C. § 1962(c). While the statute refers to a minimum of two acts, the existence of two acts is not, in itself, sufficient to establish the required "pattern." A pattern requires at least two acts that demonstrate both "relationship" and "continuity." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 240 (1989). As the Court of Appeals has explained, a RICO "pattern" is not created by "artificially fragmenting a singular act into multiple acts." *Schlaifer Nance & Company v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir. 1997). In *Schlaifer Nance*, the Court concluded that a single scheme involving a single contract lacked the "continuity" that is essential to a RICO "pattern." *Id*.

The RICO count to which Contino pleaded suffers from a defect similar to that of the pleading in *Schlaifer Nance*. The first act admitted by Contino involved a conspiracy to obtain money from EDP Entities through extortion, while the second involved the substantive obtaining of money from the very same company by the very same means. *See* Plea Minutes [Exhibit *], pp. 11-12. As in *Schlaifer Nance*, notwithstanding that they were framed as violations of different criminal statutes, the two acts were merely "subparts of a singular act, and not a 'pattern' of separate acts with an underlying purpose." 119 F.3d at 98. *See also Continental Realty Corp. v. J.C. Penney Co., Inc.*, 729 F.Supp. 1452, 1455 (S.D.N.Y.1990)("to infer a threat of repeated fraud from a single alleged scheme would in effect render the pattern requirement meaningless").

Because Contino's attorney failed to provide Contino with any explanation of RICO's "pattern" requirement, or to discuss the relationship between that requirement and the facts Contino was prepared to admit, his advice did not enable Contino to make a knowing and intelligent determination about whether to plead guilty to the RICO offense designated in the government's proposed plea agreement. He also failed to advise Contino with regard to the legal definitions of the terms "enterprise" and "associate" as they are used in the RICO statute, and there is no indication on the record that, in acknowledging that he had "associated" with the charged "enterprise," Contino had any understanding of the specialized meanings of those terms in the context of RICO.

Counsel also failed to explain the elements of the offenses – Hobbs Act extortion and mail fraud – that served as the predicate racketeering acts underlying the RICO offense.  To be guilty of extortion under 18 U.S.C. 1959, it was essential that Contino affirmatively instilled or exploited fear on the part of the alleged victim.  In *United States v. Abelis*, 146 F.3d 73, 82 (2d Cir. 1998), the Court of Appeals cited with approval an instruction explaining (with regard to a charge of attempted extortion under the Hobbs Act) that:

> The essence of the crime of attempted extortion is a defendant's knowing an[d] willful attempt to use fear. What the law prohibits is knowingly and willfully attempting to create or instill fear, or knowingly and willfully attempting to use or exploit existing fear, when this is done with the specific purpose of inducing another to part with his or her property. A defendant need only attempt to exploit a fear to be guilty of attempted extortion; he need not attempt to create it. However, although the alleged victims' fear of harm or loss need not be instilled by the defendant, there must be proof that the defendant, aware of the victims' fear did or said something in an attempt to exploit that fear.

Notably, in his plea allocution, Contino did not state that he "did or said something in an attempt to exploit" anyone's "fear" and, as he states in his affidavit in support of this motion, he would have been unable to make such a statement truthfully.  Instead, during his plea allocution, he read a statement, prepared by his attorney, that vaguely referred to obtaining consent "wrongfully" or "unlawfully," but did not include any acknowledgment that Contino engaged in any act involving affirmative exploitation of a victim's "fear" or even that he

believed the alleged victim was in a state of "fear."  Plea minutes, pp. 12-13.[2]        Because

Counsel did not explain the elements of the offenses contemplated by the plea agreement, he

did not provide his client with the ability to make an informed decision about whether to

enter into that agreement, and Contino's plea cannot be deemed "voluntary" in a

constitutional sense.  *Panuccio v. Kelly*, 927 F.2d 106, 110 (2d Cir.1991) (citing *Henderson*

*v. Morgan*, 426 U.S. 637, 647 n. 18 (1976)).  *See also Ames v. New York State Division of*

*Parole*, 772 F.2d 13, 15 (2d Cir.1985), *cert. denied*, 475 U.S. 1066 (1986); *Mitchell v. Scully*,

746 F.2d 951, 956-57 (2d Cir.1984), *cert. denied*, 470 U.S. 1056 (1985).  While the failure

to provide such advice would, under any circumstances, reflect representation that falls

below professional norms, Counsel's failure was particularly deficient in the present case

because, rather than fulfilling his professional obligation to assess the relationship between

the charges and the facts, and to communicate his analysis to his client, Counsel – without

any indication of even considering whether his client had in fact committed the charged

offense – advised his client to plead guilty to a crime that did not comport with the facts his

client was prepared to admit.

---

[2]Although the second racketeering act underlying Contino's plea also charged a violation
of the mail fraud statute [18 U.S.C. § 1343], neither Contino's statement to the Court nor
anything else that appears on the record of the plea proceeding provided a factual basis for
finding that Contino had committed the elements of that offense.

**2.    It Was Professionally Unreasonable for Counsel to Fail to Investigate the Factual Basis for the Loss Amount Suggested by the Government, or to Provide His Client an Informed Opinion Regarding the Validity of that Amount.**

An attorney has a "duty to make reasonable investigations, and a decision not to investigate will be reasonable only 'to the extent that reasonable professional judgments support the limitations on investigation.'" *Gersten v. Senkowski*, 426 F.3d 588, 607 (2d Cir. 2005), quoting *Strickland*, 466 U.S. at 690-91.  In the present case, however, Counsel has acknowledged that, rather than performing any independent investigation or analysis of the loss amounts that would form the primary basis for determining Contino's Guidelines offense level, he "relied upon the government's calculation for the determination of this loss factor." Martinelli Affirmation, ¶ 3.  Consequently, he was unable to give Contino the "benefit of his counsel's professional advice" [*Boria*, 99 F.3d at 496-97] on a matter that was critical to Contino's ability to make an informed decision whether to accept the proposed plea agreement.

The need for such advice was particularly glaring in the present case because, on December 4, 2006, the government presented Counsel with a written plea agreement – which would be withdrawn if Contino did not accept it and plead guilty by the following day – that arbitrarily increased the loss amount above the range the government had consistently discussed in its previous negotiations with Counsel.  Although it was apparent to Counsel that the change was simply an effort to maintain the same sentencing range after determining

9

that it had previously overestimated Contino's criminal history category, *see* Martinelli

Affirmation, ¶ 7, Counsel was unable to challenge the government's proposal or offer any

advice to Contino as to whether the proposed loss amount could be supported by adequate

proof.   In view of the Department of Probation's substantially lower calculation of the loss

amount for purposes of restitution, *see* Revised Pre-sentence Investigation Report, it is clear

that the amount – and the corresponding Guidelines range – to which Counsel advised

Contino to stipulate were not supported by the historical facts.  Thus, in this respect as well,

Counsel's representation fell below the constitutional standard.

> **3.     It Was Professionally Unreasonable for
> Counsel to Mislead Contino With Regard to
> the Likelihood of Receiving a Sentence Below
> the Stipulated Range**

When Counsel presented the government's proposed plea agreement to Contino – only

one day before the date on which the plea was entered – he led Contino to believe that,

notwithstanding the Guidelines offense level specified in the plea agreement, Counsel would

urge this Court to impose a sentence below that level and there was a realistic likelihood that

the Court would impose a sentence below that level.   In fact, however, as Counsel

undoubtedly understood, the plea agreement precluded him from seeking a sentence below

the stipulated Guidelines level, and it would have been a breach of the plea agreement for

Counsel to do what he assured his client he intended to do.  *See* Plea Agreement Exhibit "F".

*See also United States v. Cimino*, 381 F.2d 124, 128 (2d Cir. 2004)(where counsel breaches

a plea agreement by urging the court to impose a sentence below a stipulated offense level,

the government is relieved of its obligations under the agreement).    Indeed, Counsel's

recognition that he could not do what he told his client he would do is evident from the fact

that, in his pre-sentencing letter to the Court *See* Exhibit "E",Counsel did not suggest a

sentence below the stipulated offense level, but expressly urged the Court to sentence

Contino within offense level 37.    *See* Exhibit "E", page 5. In his own affidavit, Counsel

acknowledges that, in his explanation to Contino of the impact of *United States v. Booker*,

he misled his client about the scope of the Court's discretion with regard to sentencing, and

that he has no doubt that Contino relied on his misunderstanding in that regard in determining

to accept the proposed plea agreement. Matinelli affirmation, ¶ 19.[3]

Counsel's assurances were based on an inaccurate depiction of the current state of the

law as it relates to sentencing. While the Sentencing Guidelines are no longer mandatory, a

sentencing court's discretion is not the same today as it was before the advent of the

Guidelines.    On the contrary, as the Court of Appeals recently reiterated:

> Although "[*United States v.*]*Booker* removed the mandatory
> teeth of the . . . Guidelines . . . by rendering them advisory" it
> did not discard the Guidelines altogether. *United States v.*
> *Cavera*, __ F.3d ___, 2007 WL 1628799, at *1 (2d Cir. June 6,
> 2007).    While a district court is no longer required to impose a
> Guidelines sentence, *it still has a duty to consider the applicable*
> *Guidelines range*, in addition to the other factors listed in 18

---

[3]In his own affirmation, Contino acknowledges that he responded affirmatively during his
plea allocution when the Court asked if he understood the limitations the plea agreement placed
on his ability to seek a below-Guidelines sentence.  As he explains, however, shortly after the
plea proceeding concluded, he grasped the inconsistency between what he had been told by the
Court and what he had been advised by his attorney.  When he questioned his attorney about that
inconsistency, he was once again assured that he could receive a lower than 37 month sentence.

U.S.C. § 3553(a), in determining the appropriate sentence. *See*
[*United States v.*]*Crosby*, 397 F.3d [103] at 111-12.

*United States v. Cuevas*, __ F.3d __, 2007 WL 2142400 (2d Cir. July 27, 2007)(emphasis

added).  Thus, Counsel misled Contino about the relevant state of the law when he told him

that in recent years the district court "had regained the discretion and power to impose

sentence it had before the Sentencing Guidelines had become mandatory." Contino affidavit,

¶ 10.

The deficiency in Counsel's performance did not consist of a mere failure to provide

a realistic assessment of the sentence Contino was likely to receive if he pleaded guilty

pursuant to the plea agreement, but of affirmative misrepresentations about the manner in

which counsel would represent him at sentencing and about the likely outcome of the

sentencing.  As the Court of Appeals held in *United States v. Couto*, 311 F.3d 179, 187-88

(2d Cir. 2002), even though the mere failure to advise a client about the deportation

consequences of his plea would not, in itself, constitute ineffective assistance, an attorney's

"affirmative misrepresentation" on that subject deprives the defendant of his constitutional

right to the effective assistance of counsel.  Similarly, even if this Court were to conclude

that Counsel was not constitutionally obligated to explain the limits on the arguments that

he could present with respect to Contino's sentence or the probability that the sentence

ultimately imposed would be within the stipulated sentencing range, it should find that

Contino was deprived of effective assistance when his attorney affirmatively misrepresented

the type of presentation he would make to the sentencing court and the likelihood that

Contino would receive a sentence below the stipulated Guideline level. Flawed advice from

counsel (whether by omission or commision) might be countenanced if it related to a

collateral or insubstantial matter, but here it related to the factor that lies at the very heart of

a determination to plead guilty: the sentence that the defendant can reasonably hope to

receive pursuant to the plea. Moreover, the misrepresentation here was based on "erroneous

legal advice about the ultimately knowable," *United States ex rel. Hill v. Ternullo*, 510 F.2d

844, 847 (2d Cir. 1975); indeed, Counsel undoubtedly knew the nature of the sentencing

presentation that he himself would be making. Consequently, erroneous advice on that

subject is far less defensible than an error based merely on the type of "predictive" advice

of counsel considered in *United States v. Sweeney,* 878 F.2d 68, 70 (2d Cir. 1989).[4]

**B.      Counsel's Ineffective Assistance Altered the Outcome of the
         Proceeding**

For the reasons discussed in subsection A, *supra*, it is clear that, in multiple respects, Counsel

failed to function as "the 'counsel' guaranteed by the Sixth Amendment,"*Strickland*, 466 U.S. at 687.

Thus, the first prong of the *Strickland* test has been satisfied. Moreover, as to the second prong,

Contino has shown that his attorney's erroneous advice and ineffective assistance altered the

---

[4]Counsel also disserved his client when he suggested that it was a foregone conclusion
that the case against him would include other-act evidence as to which Counsel had received
notice shortly before the time of Contino's plea, rather than advising Contino that the defense
would be able to object to that evidence and providing an assessment of the likelihood that the
evidence offered pursuant to Rule 404(b) would ultimately be admitted. Because of the manner
in which he discussed the other-act evidence, Counsel overstated the strength of the evidence he
would face if he went to trial, and thereby increased the pressure on Contino to accept the plea
pursuant to the terms of the last-minute agreement offered by the government. That pressure was
further increased by Contino's belief that his attorney would not be adequately prepared for trial
by the date on which it was scheduled to commence. *See* Denise Contino affidavit, ¶ 9.

outcome of the proceeding.  As Contino states in his affidavit, and as corroborated in the affidavit

of his wife, Denise, as well as in Counsel's own affirmation, Counsel's advice played a pivotal role

in Contino's decision to plead guilty.  Indeed, it is only reasonable to conclude that, if he had

understood that the facts he was prepared to admit would not in fact establish guilt of the offense

specified in the plea agreement, Contino would never have agreed to plead guilty to that offense.

Similarly, if he had been advised that the government's proposed Guideline level was based on a loss

amount at odds with the historical facts, he surely would not have entered into a plea agreement that

stipulated to that Guideline level.  Contino's decision to plead guilty was also influenced – as

Counsel himself acknowledges – by his attorney's erroneous advice about the likelihood of receiving

a below-Guidelines sentence.

Contino's assertion that, had it not been for his attorney's erroneous and deficient advice, he

would have insisted on his right to proceed to trial is further supported by the fact that Contino had

resisted entering into a plea agreement until less than a month before his scheduled trial date.  His

determination to give up his right to persist in his plea of not guilty – and to plead guilty to an

offense that was not established by the facts –  was unquestionably a result of the aspects of his

attorney's representation that, as discussed above, fell below the constitutional standard of

professional competence.  Accordingly, this Court should conclude that Contino has established that

he was prejudiced by Counsel's ineffective assistance.

### C.    The Plea Colloquy Failed to Establish That Contino's Plea Was Intelligent and Voluntary or that There Was a Factual Basis for the Plea

In order to be constitutionally valid, a guilty plea must be intelligent and voluntary. *Bousley*

*v. United States*, 523 U.S. 614, 618 (1998); *Brady v. United States,* 397 U.S. 742, 748 (1970).

14

Relying on Judge Tuttle's formulation in *Shelton v. United States*, 242 F.2d 101, 115 (5th Cir. 1957), the *Brady* Court explained that:

> [A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

397 U.S. at 755. As Judge Tuttle adds, "the vice that vitiates the plea is not the 'promise' but the misapprehension to which it gave rise." *Id* at 116.

The procedures of Rule 11 of the Federal Rules of Criminal Procedure are intended to enforce these requirements. Courts have recognized, however, that a court's compliance with Rule 11 is not a "guarantee that the guilty plea is constitutionally valid." *United States v. Couto,* 311 F.3d 179, 187 n.8 (2d Cir. 2002). "The objective of Fed. Rule Crim. Proc. 11, of course, is to flush out and resolve all such issues, but like any procedural mechanism, its exercise is neither always perfect nor uniformly invulnerable to subsequent challenge calling for an opportunity to prove the allegations." *Fontaine v. United States,* 411 U.S. 213, 215 (1973) (per curiam). The bedrock of a court's determinations under Rule 11 is the reliance it places on representations made at the plea hearing by both counsel and the defendant. Even though "[s]olemn declarations in open court carry a strong presumption of verity," "the federal courts cannot fairly adopt a per se rule excluding all

possibility that a defendant's representations at the time his guilty plea was accepted were so much

the product of such factors as misunderstanding, duress, or misrepresentation by others as to make

the guilty plea a constitutionally inadequate basis for imprisonment." *Blackledge v. Allison,* 431 U.S.

63, 74 -75 (1977).

In the present case, Contino's plea was not voluntary and intelligent because , as we

have shown, it was based on advice that misled him with regard to information that was

critical to his decision to plead guilty, and consequently deprived him of the constitutional

right to the effective representation of counsel.  Additionally, as discussed in section A(1),

*supra*, the facts admitted by Contino during the plea colloquy did not establish his

commission of the essential elements of the charged crime, and therefore were not the

"unequivocal" admission required by Rule 11(f).  *United States v. Andrades*, 169 F.3d 131,

136 (2d Cir. 1999).

### D.     The Waiver Provisions of Contino's Plea Agreement Should Not be Enforced

Although the agreement pursuant to which Contino pleaded guilty provided that, if

he received a sentence within the specified range, he would not challenge his conviction or

sentence, this Court should not enforce that provision because, as we have shown, Contino's

plea resulted from advice that violated his constitutional right to the effective assistance of

counsel.  As the Court of Appeals has long recognized, the waiver provisions of a plea

agreement are not enforceable if the plea itself was the product of ineffective representation

by counsel. *United States v. Hernandez*, 242 F.3d 110, 113-14 (2d Cir. 2001), citing*United*

*States v. Djelevic*, 161 F.3d 104, 107 (2d Cir.1998) (per curiam), *United States v. Henderson*,

72 F.3d 463, 465 (5th Cir.1995)); *United States v. Rosa*, 123 F.3d 94, 98 (2d Cir.1997), and

*United States v. Ready*, 82 F.3d 551, 555 (2d Cir. 1996). *See also Jones v. United States*, 167

F.3d 1142, 1145 (7th Cir.1999)(a waiver of the right to appeal or file a §2255 motion is

unenforceable when the defendant claims ineffective assistance of counsel with regard to the

agreement because "the very product of the alleged ineffectiveness" cannot fairly be used to

bar a claim of ineffective assistance of counsel).

## CONCLUSION

For the reasons discussed above, the Court should grant the requested relief pursuant to 28 U.S.C. § 2255.  To the extent that the government disputes the facts underlying this application, the Court should conduct an evidentiary hearing.

Respectfully submitted,

_____

MICHAEL WASHOR
233 Broadway
New York, New York 10279
(212) 697-5900
*Attorney for Petitioner*
*John Contino*

JEREMY GUTMAN
*Of Counsel*